NO. 07-09-00226-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 9, 2011

RYAN JOHN KELLEY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 20,265-C; HONORABLE ANA ESTEVEZ, JUDGE

Before QUINN, C.J., and HANCOCK, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant, Ryan John Kelley, appeals the trial court's judgment of conviction for

the state jail felony offense of causing injury to an elderly person by reckless conduct.[2]

Appellant was sentenced to twenty-two months in a state jail facility. We will affirm.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2] TEX. PENAL CODE ANN. § 22.04(a)(3), (f) (West Supp. 2010). An elderly person is defined as a person sixty-five years of age or older. See id. § 22.04(c)(2).

Factual and Procedural History

On October 18, 2008, appellant wanted to pick up the daughter he shared with Tiffany Duvak. Whether such an arrangement was pursuant to an informal agreement[3] between appellant and Duvak, as appellant asserts, or whether it was, as Duvak characterizes it, an unannounced visit in further attempt to persuade Duvak to let him take his daughter for a while, the visit did not end well.

Appellant arrived at the home where Duvak and their daughter lived with Duvak's grandparents, Janet Kay (Kay) and Forrest Glidewell. At first, the visit went well, but the mood and interaction soon soured. Whether pursuant to the original agreement or contrary to Duvak's wishes from the beginning, appellant had decided to take his daughter. There is some dispute as to the details of how, precisely, a conflict arose but it did. Appellant ended up leaving the house and heading toward his vehicle with his distressed two-year-old daughter. Duvak and the Glidewells attempted to prevent him from leaving. Duvak and Kay followed him, and shortly thereafter Forrest joined them at or near appellant's car where a fracas ensued. Though, again, the accounts differ as to the details of the incident, witnesses testified and appellant admitted that, during the fray, he punched Forrest in the face and shoved the sixty-six-year-old Kay a number of times, causing her to fall to the street and injure her elbow.

As a result of the altercation with Kay, appellant was charged with causing injury to an elderly person. At trial, appellant testified and asserted that he acted in self-defense. In support of his defense, he claimed that it was because Kay repeatedly

---

[3] It appears appellant and Duvak had no formal custody order in place.

pulled at and hit him that he shoved her, believing it was immediately necessary to protect himself from her. The State then sought to introduce evidence that appellant had been convicted earlier in 2008 of misdemeanor assault against a female. Defense counsel unsuccessfully objected to admission of this evidence on the bases of Rules 403, 404, and 609 of the Texas Rules of Evidence,[4] and the evidence was admitted.

The jury found appellant guilty of the lesser-included offense of causing injury to an elderly person by reckless conduct. The jury then assessed punishment at twenty-two months in a state jail facility. Appellant does not challenge the sufficiency of the evidence to support said conviction. Instead, he focuses his three issues on the trial court's admission of evidence that appellant was previously convicted for assault. He brings to this Court three issues, all of them associated with admission of such evidence. First, he contends the trial court abused its discretion by admitting evidence of the prior assault conviction when the conviction did not involve a crime of moral turpitude because the victim of that assault was a female but was not his wife. Secondly, appellant maintains that the trial court abused its discretion by admitting evidence of the assault conviction because the probative value of such evidence was substantially outweighed by the danger of unfair prejudice. Finally, appellant contends that the trial court abused its discretion by admitting evidence of the assault conviction for the purpose of impeachment where such conviction is not probative of appellant's credibility and such conviction substantially prejudiced appellant by implying to the jury appellant's propensity and character.

---

[4] All subsequent references to "Rule" or "Rules" refer to the Texas Rules of Evidence.

Standard of Review

We review a trial court's decision to admit or exclude evidence for abuse of discretion. Shuffield v. State, 189 S.W.3d 782, 793 (Tex.Crim.App. 2006). A trial court does not abuse its discretion if its decision is within the zone of reasonable disagreement. Walters v. State, 247 S.W.3d 204, 217 (Tex.Crim.App. 2007); Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g). We will sustain the trial court's decision if that decision is correct on any theory of law applicable to the case. Romero v. State, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990).

Analysis

Initially, the trial court ruled that the evidence was admissible under Rule 609 to impeach appellant. Prior to admission of the evidence, however, the trial court held another hearing outside the presence of the jury so as to further develop the issues surrounding the prejudicial effect and probative value under Rules 403 and 404. At this second hearing, the trial court again expressed concern regarding the potential prejudice that evidence of an assault against a female could carry with it. It did conclude, however, that the evidence was relevant to show intent and to rebut appellant's claim of self-defense. Consequently, after careful consideration, the trial court opted to lessen that potential by excluding evidence of the gender of the victim and details of the assault and, instead, permitted the State to introduce only evidence of the date and type of offense. Consistent with its ruling that the evidence would be admitted for the purposes of rebutting appellant's self-defense theory and illuminating the issue of intent, the trial court included an instruction in its charge to the jury that

4

evidence of other crimes could only be considered, if considered at all, "for the purpose of determining motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Such purposes are consistent with admission on the basis of Rule 404(b), and, with that, we look first to appellant's second and third issues concerning the probative value and prejudicial effect of the evidence and the tendency such evidence had in terms of establishing appellant's propensity and character conformity.

## Rule 404(b)

Rule 404 provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). Evidence of extraneous misconduct may be admissible, however, when such evidence is relevant to a non-character-conformity fact of consequence in a case, such as establishing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Id.; Berry v. State, 233 S.W.3d 847, 858 (Tex.Crim.App. 2007); Robbins v. State, 88 S.W.3d 256, 259 (Tex.Crim.App. 2002). Further, although not specifically delineated in Rule 404(b), extraneous offense evidence may also be admissible when a defendant asserts an affirmative defense, such as self-defense. See Johnston v. State, 145 S.W.3d 215, 219 (Tex.Crim.App. 2004); Robbins, 88 S.W.3d at 259.

Here, appellant admits having shoved Kay a number of times and acknowledges that she fell to the ground as a result of having been shoved. Appellant explained that, as he left the house with the daughter, Kay and Duvak were "clawing at [his] collar." He

added that Kay slapped him twice as he tried to get into his vehicle. He testified that he shoved Kay only in an effort to protect himself and to allow him to close the door and get away from her. Appellant clearly asserted self-defense as a defense to the charges against him. With that, the complained-of evidence had a purpose apart from character conformity: it was relevant to rebut appellant's self-defense theory. See TEX. R. EVID. 404(b); Johnston, 145 S.W.3d at 219.

Because it is well-established that the State was permitted to rebut appellant's claim of self-defense with evidence of other crimes, wrongs, or acts, or evidence of violent acts in which appellant was the aggressor, we cannot say that the trial court abused its discretion by admitting evidence of the prior assault conviction for such purposes. See Lemmons v. State, 75 S.W.3d 513, 522–23 (Tex.App.—San Antonio 2002, pet. ref'd) (holding that extraneous offense evidence offered by the State to show murder defendant was aggressor in the past was relevant to rebut his self-defense claim). We overrule appellant's issue.

## Rule 403

Appellant further contends that the evidence should have been excluded under Rule 403. See TEX. R. EVID. 403. Although admissible under Rule 404(b), the same evidence may be inadmissible under Rule 403 if the probative value of such evidence is substantially outweighed by unfair prejudice. Prince v. State, 192 S.W.3d 49, 56 (Tex.App.—Houston [14th Dist.] 2006, pet. ref'd). The following factors are taken into consideration when undertaking a Rule 403 analysis: (1) the inherent probative force of the proffered evidence; (2) the proponent's need for that evidence; (3) any tendency of

the evidence to suggest decision on an improper basis; (4) any tendency of the evidence to confuse or distract the jury from the main issues; (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence; and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. Gigliobianco v. State, 210 S.W.3d 637, 641–42 (Tex.Crim.App. 2006). Rule 403 favors admission of relevant evidence, and we presume that relevant evidence will be more probative than prejudicial. Shuffield, 189 S.W.3d at 787.

Here, whether appellant acted in self-defense was a pivotal issue at trial, perhaps the only issue, since appellant admitted having committed the acts alleged but claimed to have done so in self-defense. So, the extraneous-offense evidence was probative, and the State had considerable need for this evidence in that it had little other evidence to rebut appellant's self-defense claim.[5] See Giglioblanco, 210 S.W.3d at 641–42. In light of the parties' positions at trial, the evidence of the prior assault conviction was quite probative.

By that same reasoning, the evidence was also prejudicial to appellant. However, to say that the evidence was prejudicial is not to say that the evidence was

---

[5] Arguably, however, it did have some other evidence that could be said to rebut appellant's theory of self-defense. For instance, the jury did hear some evidence referring to Forrest's understanding that a protective order was in effect against appellant. The jury also heard conflicting evidence on whether appellant first hit Duvak as he grabbed the daughter and left the house. Further, one neighbor who witnessed the incident testified that another neighbor had restrained appellant to some degree when Kay came out and began to yell at him and, apparently, spit on or toward him. In response, appellant broke free and shoved Kay.

7

inadmissible. See Casey v. State, 215 S.W.3d 870, 883 (Tex.Crim.App. 2007). Simply because the evidence was prejudicial does not mean that its probative value was substantially outweighed by "unfair prejudice" under Rule 403. The Texas Court of Criminal Appeals has explained the meaning of "unfair prejudice" under Rule 403:

> Unfair prejudice refers not to an adverse or detrimental effect of evidence but to an undue tendency to suggest a decision on an improper basis, commonly an emotional one. Unfair prejudice does not arise from the mere fact that evidence injures a party's case. Virtually all evidence that a party offers will be prejudicial to the opponent's case, or the party would not offer it. Evidence is unfairly prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justifies its admission into evidence. The prejudicial effect may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant.

Id. (Citations omitted). Further, we add that the trial court gave the jury a limiting instruction that directed the jury to consider the evidence only for permissible purposes, not to show that appellant acted in conformity with such evidence. See Garcia v. State, 201 S.W.3d 695, 704 (Tex.Crim.App. 2006). Unless the record establishes otherwise, we presume that the jury followed the trial court's instruction. See Colburn v. State, 966 S.W.2d 511, 520 (Tex.Crim.App. 1998).

The trial court carefully considered the issues surrounding admission of evidence related to the prior assault conviction and concluded that the State could mention only the date and nature of the conviction. The trial court specifically prohibited the State from mentioning the gender of the victim or any other details surrounding the offense. The State's presentation of the evidence consumed three lines of the record. Further, as stated, the State's need for this evidence was rather pressing because there was little other evidence that could serve to rebut appellant's theory of self-defense. Based

on these considerations, we cannot say that presentation of this evidence was likely to consume an inordinate amount of time or merely repeat evidence already admitted.

The trial court could have reasonably concluded that the evidence was not unfairly prejudicial and did not have a tendency to suggest a decision on an improper basis or to confuse or mislead the jury. Considering the relevant factors, we conclude that the trial court did not abuse its discretion by admitting evidence of the prior assault conviction over appellant's Rule 403 objection. We overrule appellant's second issue.

Rule 609

By his remaining issue, appellant maintains that the trial court abused its discretion by concluding that the prior assault was a crime of moral turpitude and was, thus, available as impeachment evidence under Rule 609. With respect to impeaching the credibility of witnesses by introduction of evidence of convictions involving moral turpitude, Rule 609 provides as follows:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

TEX. R. EVID. 609(a). Appellant contends that, because the female victim of the prior assault was not his wife, such conviction did not involve a crime of moral turpitude and, therefore, was unavailable to impeach him under Rule 609.

9

Because we have concluded that the evidence was admissible under Rules 403 and 404(b), we need not determine whether the evidence was also admissible under Rule 609.  See Romero, 800 S.W.2d at 543; see also TEX. R. APP. P. 47.1.

Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Do not publish.